STATE OF IOWA, Appellant, v. WM. C. ANDERSON.

140   445
f141  299

**Grand jurors:** QUALIFICATION: REQUEST TO SERVE. Under the statute prohibiting the return of names by an election board of persons to act as grand jurors who have directly or indirectly requested a return of their names, the practice of returning the names of members of the board is to be condemned, but in the instant case only two members of the grand jury were members of the election board, and their names were returned against their express wish, so that the objection to the indictment on that ground should have been overruled.

**Adultery:** SUFFICIENCY OF INDICTMENT. An indictment charging that defendant committed the crime of adultery with a certain person, she being at the time a married woman, the wife of a certain person, and that defendant was an unmarried man, was a compliance with the statute requiring an offense to be stated in ordinary and concise language.

**Same.** Intercourse between persons not husband and wife, one or both of whom is married constitutes adultery, and it is not necessary to allege that the act was done knowingly, wilfully, maliciously or feloniously, or that the prosecution was commenced on the complaint of the husband or wife.

*Appeal from Allamakee District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, DECEMBER 15, 1908.

AN indictment charging the defendant with the crime of adultery was set aside on his motion, and he was discharged. The State appeals.—*Reversed* and *remanded.*

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

*William C. Anderson,* for appellee.

SHERWIN, J.—One of the grand jurors serving at

the time the indictment was found and returned was one
of the judges of the election in Ludlow township, and
another grand juror was clerk of the election board of
Linton township. The motion assailed the indictment on
the ground that these two members of the grand jury had
been illegally and unlawfully selected by the election boards
of which they were members and were incompetent to act
as grand jurors under the provisions of section 337 of the
Code Supplement of 1902. The section, so far as the
same is material to the question before us is in the language
following: "Such lists shall be composed only of persons
competent and qualified to serve as jurors; and the judges
of election or boards of supervisors shall omit from said
lists the name of any person who has served as a grand or
petit juror in any court of record since January first pre-
ceding. And if the name of any such person is returned,
the fact that he has requested to be so returned, or has
served as such juror in a court of record during the jury
year, as defined in this chapter, shall be a ground for
challenge for cause. The members of the election board or
the board of supervisors when certifying to such lists shall
state that the lists do not contain the name of any person
who requested, directly or indirectly, that his name ap-
pear thereon." Under this section, if the name of any
person is returned at his request, it is a ground for chal-
lenge for cause. The plainly expressed intent of the stat-
ute is to exclude from service as a grand juror any person
who shall directly or indirectly seek such service. The
provision is a wise one for many reasons.

It is essential to the due administration of justice
that criminal charges be investigated and tried by im-
partial triors, and this requirement may be entirely swept
away if the grand jury may be composed
of men who have sought to become members
thereof. Nor do we deem it necessary to
constitute a ground for challenge that the juror has ex-

1. GRAND JURORS:
qualification:
request to
serve.

pressly requested that his name be placed on the list
returned. In our judgment it is enough if his language is
fairly open to such construction. In this case it appears
that in some instances the names of all of the members of
the election board were placed on the list and returned as
qualified jurors. While such action may be possible without
a violation of the statute under consideration, it at once
creates the impression that such names have been returned
by mutual agreement or acquiescence which in law would
amount to a request, and such practice is to be condemned;
but the grand jury that returned the indictment against
this defendant had but two men serving thereon who
were members of election boards, and they were from
different townships, and each testified, in substance, that
his name was placed on the list and returned against his
expressed wish to the contrary. If this be true, and it
must so be considered from the record before us, neither
the letter nor the spirit of the statute was violated, and the
motion, so far as it was based on that ground, should have
been overruled. *Goldthorp v. Goldthorp,* 115 Iowa, 433.

Other grounds of the motion were that the indict-
ment failed to charge a crime, that it failed to state that
the woman involved in the charge was a married woman,
that the indictment failed to allege that
2. ADULTERY: suf-
ficiency of          the defendant "knowingly, willfully, malic-
indictment.
iously or feloniously committed the crime,"
and that it did not show on its face that the prosecution
was commenced by the husband or wife as required by
law. The indictment charged that the crime was com-
mitted with "Alice E. Carver, she being at the time a
married woman, to wit, the wife of one George H. Carver,"
and it further charged that the defendant was at the time
an unmarried man. Code, section 5280, requires only
that an indictment "contain a statement of the facts con-
stituting the offense in ordinary and concise language,

without repetition, and in such manner as to enable a person of common understanding to know what is intended."

The indictment clearly complied with the requirements of the statute, and the defendant could not fail to understand the charge. An allegation that the crime was
3. SAME.       committed within the period of limitation was sufficient, without charging specific acts. Sexual intercourse between two persons not husband and wife, either one or both of whom are married, constitutes adultery under the statute, and it is not necessary to charge that the act was done "knowingly, willfully, maliciously or feloniously." *State v. Griffin,* 79 Iowa, 568; *State v. Hutchinson,* 95 Iowa, 566. Nor is it necessary to allege in the indictment that the prosecution was commenced on the complaint of the husband or wife. *State v. Andrews,* 95 Iowa, 451; *State v. Harmonn,* 135 Iowa, 167.

The court erred in setting aside the indictment and in discharging the defendant. The case is therefore *reversed* and *remanded.*