STATE OF IOWA, Appellee, v. EUGENE SANGSTER, Appellant.

INDICTMENT AND INFORMATION: Requisites and Sufficiency—
1 Time of Offense. An indictment is not demurrable because it alleges that the alleged crime was committed "on or about the...... day of............:.., 1920.''

JURY: Summoning—Omission of Names of Women. The court will
2 not *presume* that an indicted person has been prejudiced by the failure of judges of election, in returning jury lists, to include the names of women.

CRIMINAL LAW: New Trial—Appeal—Effect. The trial court may
3 not grant a new trial in a criminal cause during the pendency of an appeal to the Supreme Court.

*Appeal from Buchanan District Court.*—GEORGE W. WOOD, Judge.

MARCH 6, 1923.

REHEARING DENIED SEPTEMBER 28, 1923.

THE defendant, having been indicted and convicted upon the charge of rape committed upon a female child under 15 years of age, appeals.—*Affirmed.*

*Cook & Cook,* for appellant.

·*Ben J. Gibson,* Attorney-general, and *B. J. Flick,* Assistant Attorney-general, for appellee.

WEAVER, J.—I. The defendant demurred to the indictment, upon the ground that the charge made therein does "not state the time of the commission of the alleged offense." The

1. INDICTMENT AND
INFORMATION:
requisites and
sufficiency:
time of offense.

allegation as made is that the alleged crime was committed "on or about the ... day of ........ 1920," upon the person of a female child under 15 years of age. Counsel make the point that, as the said child was admittedly 15 years of age not later than August 30, 1920, it was essential that the indictment should charge the offense as of an earlier date. The objection is not well taken. It is settled that the date of the commission of a criminal act averred in an indictment need not. be proved as laid. It is sufficient if it be shown that the act was committed prior to the return of the indictment, and within the statute of limitations. *State v. Enright,* 90 Iowa 520, 522; *State v. Kirkpatrick,* 63 Iowa 554; *State v. Moore,* 78 Iowa 494.

II. Appellant further challenged the grand jury panel because the judges of the election, in making out the list of names to be returned in the poll books for jurors in certain

2. JURY: summon-
ing: omission of
names of women.

wards or precincts of Buchanan County, "failed and neglected to consider women as eligible to such service, although women in fact constituted 50 per cent of the voters, thereby depriving the accused of the right to be tried by a jury of his peers." Evidence was offered in support of the challenge so made, and the court having overruled the objection, error is assigned thereon. No evidence was offered of any prejudice resulting in fact to the accused from the alleged irregularities in making up the jury lists, but it is argued that prejudice must be presumed. Counsel do not cite any authority or precedent for such conclusion. So far as our own cases bear upon the subject of such omissions or irregularities in the summoning and impaneling of a grand jury, the clear trend of judicial opinion is that, so long as no names are placed upon the lists which could not properly have been included, and no class of persons is excluded to the defendant's

prejudice, there is no good ground for questioning the validity of the indictment. *State v. Pell,* 140 Iowa 655, 661; *State v. Walker,* 192 Iowa 823, 832. The trial court did not err in overruling the challenge in this case.

III. The defendant offered no testimony in his own behalf, but rests his case for a reversal upon the theory of the failure of the State to support its charge by adequate proof, and upon his exceptions to the court's charge to the jury, as well as to certain rulings relating to the admission of evidence. There is no merit in the objection to the sufficiency of the testimony. There was a vigorous effort by the defense to weaken or discredit the State's allegation that the girl in question was under 15 years of age at the time of the alleged intercourse, but the veracity of the witnesses and the weight and value of the testimony offered on either side were clearly a question for the jury, and the verdict in that respect finds sufficient support in the record. The fact of intercourse between the accused and the girl is not only sustained by direct evidence on her part, but also by the corroborating admissions of the defendant himself.

IV. The appellant presented numerous requests for instructions to the jury relating to the nature of the crime charged and the rules of law to be observed in considering and applying the evidence offered. Most of the requests so made state correct abstract propositions of law; but, so far as they are fairly applicable to the case on trial, they are, in substance and effect, embodied in the charge given by the court upon its own motion, and there was no error in refusing to repeat them in the language of counsel. The charge of the court as given was, to say the least, as favorable to the defendant as he could reasonably demand.

V. In the introduction of evidence, we think it must be said that the State was unduly captious in its objections to the cross-examination of witnesses, and that the court was perhaps unduly technical in sustaining them; but the matters excluded, for the most part, appear to have finally found their way into the record, and where such was not the case, there is no showing or offer to show what the answers to the questions ruled out would have disclosed. We find no reversible error in these rulings.

VI. The cause was tried at the March, 1921, term of the

district court, and the judgment appealed from was entered March 24, 1921, on which date an appeal to this court was taken.

3. CRIMINAL LAW: new trial: appeal: effect. Thereafter, on September 3, 1921, the defendant filed in the court below a motion for a new trial, on the ground of newly discovered evidence. Of this it is sufficient to say that, at the time this motion was filed, the case had been removed to this court by the defendant's appeal, and it was not within the jurisdiction or authority of the district court to recall it or to assume the right to order a new trial. Moreover, the alleged newly discovered evidence consists only of letters written by the girl in question since the entry of the judgment appealed from, evidencing her continued infatuation with the appellant and expressing a willingness to modify or repudiate some of the material testimony given by her on the trial. That this motion was properly denied is too clear to call for discussion. See *State v. King,* 97 Iowa 440.

No reversible error appearing, the judgment of the district court is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.