STATE OF IOWA, Appellee, v. THOMAS HALL, Appellant.

No. 44120.

JANUARY 17, 1939.

Bernard Stenzel, for appellant.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, Burr C. Towne, County Attorney, and Ralph W. Travis, Asst. County Attorney, for appellee.

MITCHELL, C. J.—On the 17th day of March, 1937, an information was filed by the County Attorney of Black Hawk County, accusing Thomas Hall of the crime of lascivious acts with a child under the age of sixteen years, and also of being an habitual criminal, setting out in said information the commission of two crimes, one on the 16th day of September, 1918, and the other on the 11th day of February, 1924, of which he was convicted.

Defendant pleaded not guilty. He was represented by counsel. The case was submitted to a jury, which returned a verdict of guilty. Defendant has appealed.

The evidence in this case consists of the testimony of a boy seven years of age, in 2-A grade of the public schools of Waterloo, who attended church and Sunday school. He testi-

fied that on the 20th of February, at about the hour of five o'clock, he met Tom Hall at what was known as the Crawford Grocery Store, a neighborhood store, and that the defendant asked him to go to his home, which was next door, where, at the request of Tom Hall, he stayed all night. No good could possibly be accomplished by setting out in detail the testimony. Suffice it to say that this young child testified to acts on the part of the appellant, which, if true, were sufficient to convict him of the crime charged. In addition to this, there is a confession made by appellant which was admitted in evidence, and the testimony of the police officer who heard the confession.

The defense of appellant was that he was intoxicated; that he did not remember the boy coming to his room until the next morning, when he awakened and found the boy in his bed.

Courts are often criticised for delays in criminal cases. This case has been delayed more than eighteen months, but this was due to no fault whatever on the part of either the prosecuting attorney of Black Hawk County or the Attorney General's office. It was delayed each and every time upon a written application and plea on the part of the appellant and his counsel. The case is now submitted to us upon a so-called abstract, and upon a typewritten brief. There is a motion on the part of the State to dismiss the appeal. This being a criminal case, and it appearing that the appellant is without means, this court has carefully gone thru the entire record.

The first error complained of is that the boy was not old enough to testify; that he did not know or understand the meaning of an oath. With this we cannot agree. Before he was permitted to testify the court itself examined the boy, whose answers showed that he knew what an oath was and understood that he was to tell the truth.

The next objection is that the court erred in the admission of the confession; that at the time it was made appellant was intoxicated. From Hall's own testimony the jury could find that while he had been drinking in the afternoon before he had gone to his room, some time around five o'clock, between that time and the time that he was arrested some fifteen or eighteen hours later and taken to the police station, he had had no liquor. The question of whether appellant was intoxicated was for the jury, and it was so submitted. Appellant does not say that he did not commit the offense; he says that he has

no knowledge of it; that he was intoxicated.

Clearly, from the record before us, the question of the guilt or innocence of Tom Hall was for the jury. It was submitted on proper instructions. The jury found him guilty. The motion to dismiss is overruled.

It necessarily follows that the case must be, and it is hereby, affirmed.—Affirmed.

All Justices concur.