STATE OF IOWA, Appellee, v. JAMES DIGGINS, Appellant.

No. 44791.

NOVEMBER 21, 1939.

Doran & Doran, for appellant.

Fred D. Everett, Attorney General, M. C. Williams, County

634

Attorney, and E. C. Schroeder, Assistant County Attorney, for appellee.

STIGER, J.— ■ I. Defendant's first proposition is that the court erred in permitting the witness, Margaret Blanchard, 8 years of age, to testify because she did not understand the meaning of an oath, nor what it meant to be a witness. On preliminary examination as to her competency by the court, she testified she knew what ''telling the truth'' meant and knew what a lie was; that it was wrong to tell a lie, and that punishment was the penalty for not telling the truth. She further testified:

''Q. If I ask you to hold up your hand, I will say to you 'will you swear to tell the truth, the whole truth and nothing but the truth' in what you say on the witness stand, do you know what that means? A. Yes.''

The witness also stated that taking an oath meant ''not to swear.''

That the witness did not understand the meaning of the word ''oath'' as used in judicial procedure, and did not know the definition of the word ''witness'', is not controlling. She understood her obligation to tell the truth as a witness and pledged herself to tell the truth. The court did not err in permitting the witness to testify. State v. Teager, 222 Iowa 391, 269 N. W. 348; State v. Yates, 181 Iowa 539, 164 N. W. 798; State v. Beckner, 197 Iowa 1252, 198 N. W. 643; State v. Meyer, 135 Iowa 507, 113 N. W. 322, 124 Am. St. Rep. 291, 14 Ann. Cas. 1; St. Peter v. Iowa Telephone Co., 151 Iowa 294, 131 N. W. 2.

Furthermore, no objection was made to the competency of the witness until the conclusion of her testimony. See State v. Beckner, 197 Iowa 1252, 198 N. W. 643; State v. O'Malley, 132 Iowa 696, 109 N. W. 491.

■ II. Defendant also claims that it appears from the cross-examination of the witness, Margaret Blanchard, that she was coached what to say by her mother and that her testimony was that of her mother, Mrs. Esther Blanchard, and not the testimony of the witness.

In May, 1938, Bernice Davis, the prosecuting witness, age 14, was residing in the home of Mrs. Esther Blanchard who lived

in Boone. Her duties were to help Mrs. Blanchard in caring for her children. On the evening of May 17, 1938, Bernice, with Mrs. Blanchard's consent, took Margaret Blanchard, 8 years old, to a street carnival. Sometime between 10 o'clock and midnight the two girls got in the Ford coupe of the defendant, James Diggins. At that time defendant and Earl McCoy were in the coupe. A short time later Earl McCoy left the car. The defendant, Bernice Davis and Margaret Blanchard remained in the car until about 2:30 in the morning. During this time the defendant drove the car in the town of Boone and various places in the country. At 2:30 a. m. Margaret Blanchard was taken home. Bernice remained in the car with defendant until about 5 o'clock in the morning when they went to the farm home of defendant's sister with whom he made his home. During the morning, defendant brought Bernice to Boone. Margaret, a normal child, testified on direct examination about her ride in the automobile and as to what she saw and heard. On cross-examination, she testified that she talked with her mother before going on the witness stand; that she told her what to say; that there were certain things her mother told her she must remember. She then testified:

"Q. You wouldn't know what to say if your mama hadn't told you? A. No."

This question called for a negative answer. The answers of the witness to the leading questions of counsel on cross-examination were "yes" or "no".

On redirect examination, Margaret testified:

"Mr. Williams (the county attorney) told me to tell the truth. I have told the truth. I had already told my mother what I told you today and what I said today is the truth, and my mother didn't make it up for me. I remember talking to you at your office. Yes, I know what it means to tell the truth."

The testimony of Margaret on direct examination was clear, frank, direct and intelligent. The testimony of a witness must be construed in its entirety. In view of all of the evidence of this witness, the question of the credit and weight to be given her testimony was clearly for the jury and the trial court

was right in overruling defendant's motion to strike the testimony.

III. Another assignment is that there is no corroborating testimony tending to connect defendant with the commission of the offense. It is essential, under Code section 13900, that the testimony of a prosecuting witness be corroborated by other testimony tending to connect the defendant with the commission of the crime.

Bernice Davis testified that during the night defendant attempted to have intercourse with her frequently and did have intercourse with her in the car and in the yard of a schoolhouse. With reference to defendant's attack on her in the schoolhouse yard, she testified defendant drove his car in the yard, stopped, turned off the lights, pulled her out of the car and threw her down on the grass. She then testified:

"At that time he was on top of me. I yelled for Margaret to come and help me and she looked up. We were on the grass when she looked out of the car window. He was on top of me."

The witness then testified to intercourse with defendant at that time.

Defendant admits he was with Bernice from midnight until morning, but denies any misconduct. He also admits driving in the schoolhouse yard but states he stopped there only long enough to let a car approaching from the rear go by and then started his car and went back to Boone.

Margaret Blanchard testified that when she and Bernice entered defendant's car there were two boys in the car and that one of them got out within a short time. The witness further testified:

"I rode in the car quite awhile. I remember stopping at the schoolhouse. At that time there was only one boy in the car, the same boy that was in the car when I first got in. I heard him called Diggins, the Diggins boy. Bernice got out. There was no one left in the car when Bernice got out. I saw Bernice on the grass. She was near the car. The Diggins boy was on the grass on top of her. I was in the car when I saw it. I don't know how long they were on the grass. I didn't see anything else when Bernice was lying on the grass. Neither Bernice nor the man were moving."

It was not necessary that all the material evidence of the prosecuting witness tending to connect defendant with the commission of the crime be corroborated. It was sufficient if she was corroborated as to some material fact tending to designate defendant as the perpetrator of the offense.

In State v. Dorsey, 154 Iowa 298, 1. c. 300, 134 N. W. 946, the court states:

"It is not necessary that the corroboration be of every material fact. If it be such as to satisfy the jury that the witness spoke the truth in some material part of his testimony in which he is confirmed by unimpeachable evidence, this is sufficient if it leads to the conclusion that he also spoke the truth as to other matters for which there was no corroboration."

See State v. Beltz, 225 Iowa 155, 279 N. W. 386; State v. Lozier, 200 Iowa 652, 204 N. W. 256; State v. O'Meara, 190 Iowa 613, 177 N. W. 563; State v. Hetland, 141 Iowa 524, 119 N. W. 961, 188 Ann. Cas. 899.

Whether there was statutory corroboration was a question for the trial court. We are of the opinion that the testimony of Margaret Blanchard furnished such evidence and the trial court was right in submitting the question of its sufficiency and weight to the jury.

■ IV. Another assignment of error is that instruction No. 10 was erroneous. The first paragraph of instruction No. 10 reads:

"In a prosecution for rape or an assault with intent to commit rape, the defendant cannot be convicted on the testimony of the injured person alone, unless she is corroborated by other evidence tending to connect the defendant with the commission of the offense. The fact that the crime of rape or of assault with intent to commit rape has been committed by someone may be established by the testimony of the injured party alone if the jury is satisfied beyond a reasonable doubt that her testimony establishes such fact; *but before the defendant can be convicted of the crime proven* there must be other credible evidence than that of the injured party that singles out and points to the defendant as the guilty party and tends to connect him with the commission of the crime."

Defendant objects to the italicized portion of the instruc-

tion which he claims told the jury that the crime of rape or assault with intent to commit rape had been proven and left for the consideration of the jury only the question of corroborating testimony.

It was incumbent on the State to prove that the crime of rape and the included offenses had been committed on Bernice Davis and that defendant was guilty of the crime. The above instruction stated the law of the case on the question of corroboration. The words "but before the defendant can be convicted of the crime proven" obviously refer to the ·immediately preceding statement that the fact that the crime of rape has been committed by someone may be established by the testimony of the injured party alone if the jury is satisfied beyond a reasonable doubt that her testimony establishes such fact.

The second paragraph of the instruction applies the law to the facts of the case and states:

"In this case even though the testimony of the prosecuting witness, Bernice Davis, should convince you beyond a reasonable doubt that the crime of rape, or assault with intent to commit rape, was committed upon her at the time and place in question by someone, yet, under the law, you can not, upon her testimony alone, convict the defendant as the guilty party; but there must be other credible evidence in the case tending to single out the defendant and point to him as the perpetrator of the offense against her, and which, when considered with her testimony, and all the other evidence in the case, is sufficient to convince you beyond a reasonable doubt that the defendant is the person who committed the offense."

This instruction, in substance, tells the jury that if it finds that the State has established beyond a reasonable doubt that the crime of rape was committed on the prosecuting witness, nevertheless, before the defendant could be convicted of the "crime proven" there must be other credible evidence tending to single out the defendant and point to him as the perpetrator of the offense.

In instruction No. 19, the court states:

"The Court does not by these instructions, nor has the Court by any ruling made or by any acts done or words said during the trial, intimated or meant to give any intimation or

opinion as to what the proof is or what it is not, or what the facts are or what are not the facts in the case, nor what the verdict should be.''

In previous instructions the court told the jury that the State had the burden of proving that defendant was guilty of the crime of rape beyond a reasonable doubt. We are satisfied that the instruction did not contain an assumption of the essential fact that the crime of rape or assault with intent to commit rape had been committed. That determination, of course, was for the jury. We find no error in this instruction requiring a reversal.

V. Defendant asserts the court erred in giving instruction No. 16, which reads:

''Under our law a person charged with a crime may testify in his own behalf, and the defendant has availed himself of this privilege, and in determining the question of his guilt or innocence you must consider his testimony.

''He testifies as an interested witness, and from an interested standpoint, and as such you should consider his testimony; and when you do this, with all the surrounding circumstances in the case, give the testimony such weight, in connection with the other evidence in the case, as you think it entitled to and no more and no less.''

The objection to this instruction is that it singles out the testimony of defendant from the testimony of other witnesses in a manner that makes it appear to the jury that his testimony is not worthy of belief and invades the province of the jury.

Like instructions have been repeatedly approved by this court. State v. Stuart, 190 Iowa 476, 180 N. W. 186; State v. Leeper, 198 Iowa 83, 199 N. W. 341.

The case is affirmed.—Affirmed.

OLIVER, C. J., and HAMILTON, HALE, BLISS, and MILLER, JJ., concur.