STATE OF IOWA, appellee, v. MICHAEL JOHNSON, appellant.

No. 51634.

(Reported in 135 N.W.2d 518)

June 8, 1965.

John A. Jarvis, of Chariton, for appellant.

Lawrence F. Scalise, Attorney General, and Don R. Bennett, Assistant Attorney General, for appellee.

Larson, J.—Pursuant to his arrest on March 14, 1964, in West Des Moines, Iowa, on a charge of operating a motor vehicle while intoxicated, Michael Lee Johnson, the defendant, was bound over to the Grand Jury, which returned an indictment on April 30, 1964, charging him with that offense in violation of section 321.281, Code of Iowa, 1962. Following a plea of not guilty, the case proceeded to trial on September 22, 1964, and the jury returned a verdict of guilty. Appellant was sentenced to pay a $300 fine and his driver's license was ordered suspended for thirty days. He appeals, listing five alleged errors, but due to the fact that this case must be returned for a new trial, only three need be considered here.

In his first assignment appellant contends the court erred in denying his motion to produce the police report of his arrest, the blood sample taken from him, and the laboratory work sheets and analysis reports on that test, then in the possession of the State.

The second assignment relates to the alleged error in admitting testimony concerning the accused's blood sample and test, and its procurement by the State, and questions the manner of determining the voluntariness of his consent to the test.

The third claimed error was the giving of instruction No. 8 to the jury on the "inference of guilt" when the accused failed to take the stand and testify in his own behalf.

The fourth alleged error complained of instruction No. 5 defining "intoxication", and the fifth related to the question of whether the trial court could entertain his motion for a new trial, etc., after he had served notice of appeal to this court.

We shall consider these assignments in a somewhat different order, for in the light of the recent decision of the United States Supreme Court in Griffin v. State of California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed.2d 106, appellant's contention in the third assignment must be sustained.

■ I. Comment by counsel or the court on the failure of the accused in a criminal trial to testify violates the self-incrimination clause of Amendment 5 to the United States Constitution, which is made applicable to the states by Amendment 14 thereto. Griffin v. State of California (U. S. Supreme Court, April 28, 1965).

■ In instruction No. 8 the court told the jury: "You are instructed that under the laws of this State, a defendant in a criminal case has the right to take the stand in his own behalf, but if he fails to exercise this right to take the stand and testify, his failure to do so may be considered by you as an inference of guilt. However, such failure to testify does not deprive the defendant of the presumption of innocence nor does it relieve the State of the burden of proving beyond a reasonable doubt the guilt of the defendant."

We find no record as to counsel's comments to the jury, but it is clear this instruction under the Griffin case violated the self-incrimination clause of Amendment 5, which the high court said it had made applicable to the states by Amendment 14 in Malloy v. Hogan, 378 U. S. 1, 84 S. Ct. 1489, 12 L. Ed.2d 653.

The Griffin case, as we read it, holds that regardless of the source of a permissible comment rule in any state, be it state

constitution, state law or by court rule, any such reference violates Amendment 5 because "It is a penalty imposed by courts for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly." This the court held was particularly so when the court solemnizes that silence by an instruction.

Although Iowa was listed as one of six states which has no express constitutional privilege against self-incrimination or laws forbidding comment on failure to testify, this court has on many occasions considered the question. The latest and most exhaustive consideration is found in State v. Ferguson, 226 Iowa 361, 366–373, 283 N.W. 917, 923. Therein the history of legislation relating to defendant's right to testify in a criminal case was traced, and the applicability of both the State and Federal Constitutions. Section 9 of Article I of the Constitution of the State of Iowa and Amendments 5 and 14 to the Constitution of the United States were considered. The court recognized that Article I, section 9, of the Iowa Constitution provides that the right of trial by jury shall remain inviolate, and no person shall be deprived of life, liberty or property, without due process of law, and that Amendment 14 to the Constitution of the United States also contains a provision to the effect that no person shall be deprived of life, liberty or property, without due process of law by any state. Reference was made to the Supreme Court's decision in Twining v. New Jersey, 211 U. S. 78, 29 S. Ct. 14, 25, 53 L. Ed. 97, where the contention was made that comment made in the state court case violated Amendment 14. It was observed the court there reviewed quite exhaustively its decisions in regard to the meaning of due process and held such comment did not constitute denial of due process.

■ Thus our error, if it was error, in permitting such comment in the past has been not entirely of our own making. Of course, high courts have not only the right but the duty to change a past decision if it is erroneous, and we are constrained to follow in this change. We, therefore, hold prejudicial error was committed in submitting instruction No. 8, and for that reason this case must be remanded for a new trial.

II. Appellant's fourth assignment contends the court's in-

struction No. 5 defining intoxication was erroneous. We cannot agree for it is substantially the same instruction we have approved in State v. Stout, 247 Iowa 453, 456, 74 N.W.2d 208; State v. Wheelock, 218 Iowa 178, 187, 254 N.W. 313; State v. Yates, 132 Iowa 475, 478, 109 N.W. 1005; and State v. Huxford, 47 Iowa 16. Judge Bliss gave this matter considerable consideration in the Stout case and no further consideration is necessary. The instruction given was correct and there is no merit in this assignment.

III. Appellant's first assignment, although raising an interesting question as to defendant's right to discovery in a criminal case, does not require consideration here. As we understand it, appellant claims he was erroneously denied discovery as provided by rules 129 and 130, Iowa Rules of Civil Procedure, and that his motion to produce the Police Report of Arrest No. 229 and the blood sample taken from him with the laboratory work sheets and analysis reports was necessary to insure him a fair trial under due process. From the transcript we note this request was made after the jury had been selected and that counsel then said he did not desire a continuance but merely a chance to go over the reports before they started taking evidence, which he assumed would be the next day. He stated he wished to find out "exactly what the circumstances of the arrest are. It's going to be real important to us and it has to do with the admissibility of the testimony, and so on."

Rules 129 and 130, Rules of Civil Procedure, relate to the production of books and documents and provide that after the issues are joined on application of any party, "the court may order the production" or permit the inspection of certain books and documents it deems material, on terms or conditions it deems suitable. The applicability of Rules of Civil Procedure to such criminal matters was discussed fully in State v. District Court, 253 Iowa 903, 909, 910, 114 N.W.2d 317, and need not be repeated here. Also see United States v. Smith, decided October 23, 1962, 209 F. Supp. 907.

In any event, in view of our holding in Division I, the question here is not important. Appellant now is advised as to the matters about which he sought information and can make his objections to admissibility in the next trial accordingly.

■ IV. In considering appellant's second assignment, it is apparent the issue as to when and under what conditions he was arrested became important, for it is fairly well settled in this · and most jurisdictions that a mere search of a person or his immediate surroundings made incident to his arrest does not violate his right to be secure in his person, house, papers and effects, as provided in section 8, Article I, of the Constitution of the State of Iowa. State v. Post, 255 Iowa 573, 123 N.W.2d 11, 17, and citations. The rule is stated in 47 Am. Jur., Searches and Seizures, section 53, page 533, as follows: "* * * No search of the person or seizure of any article found thereon can be made on mere suspicion that the person searched is violating the law, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest or shall be lawfully arrested without a warrant as authorized by law * * *." The question raised in this appeal is whether that search extends to the taking of a sample of a person's blood. In Breithaupt v. Abram, 352 U. S. 432, 77 S. Ct. 408, 1 L. Ed.2d 448, the United States Supreme Court held the mere taking of a blood sample alone by a qualified person was not an unreasonable search and seizure in violation of Amendment 14. Does the record before us reveal a reasonable and legal search so that evidence obtained therefrom was admissible?

■ From the testimony viewed most favorable to the State, it appears Officer Jack W. Payne and Melvin O'Neal, a part-time civil defense officer, observed the appellant driving in an erratic manner on Grand Avenue in West Des Moines, Iowa, about 7:50 p.m. They turned the police car around and followed appellant, catching up at Twenty-first and Vine Streets where they observed him bump both the north and south curbs at the island intersection. At Twenty-eighth and Vine they stopped appellant, who fell back against the car door when he was asked to get out. He had difficulty producing his driver's license and walked in an unsteady fashion. His eyes were bloodshot and his breath strong. When requested to walk a white line in the street he did so so erratically that Officer Payne "placed him under arrest for OMVI." Appellant was then taken by patrol car to the police station for further tests. Both Payne and O'Neal opined he was intoxicated.

No authorities need be cited for the proposition that in this state a police officer may arrest without a warrant for a public offense being committed in his presence. Section 755.4, Code of Iowa, 1962, so provides. Obviously appellant's arrest was legal.

■ At the police station Officer Payne asked appellant if he desired to take a blood test and it is undenied that his answer was "Yes". True, on cross-examination the officer said he advised appellant of his choice to take a test or surrender his driver's privilege, as is required of the officer under the implied consent law. Section 42, chapter 114, Laws of the Sixtieth General Assembly. We do not understand appellant claims this was evidence of coercion. In fact, it may be fairly assumed that in obedience to the announced state policy, appellant did voluntarily consent to the test. Breithaupt v. Abram, supra (footnote page 435 of 352 U. S.).

Pursuant to appellant's oral request for a blood test, he was taken to Still Hospital in Des Moines about 8:40 p.m. where John T. Royer, a laboratory technician, drew from him a blood sample. In conjunction therewith, appellant executed a written consent entitled "Request for Chemical Test", which was witnessed by Officer Payne.

Dr. John Seibert, a well qualified osteopathic physician at the hospital, testified as to his tests of the sample of blood carry-ing appellant's name for alcoholic content, and stated his findings revealed the subject was intoxicated. Timely objections were interposed to this testimony, largely based on a violation of due process.

While there is some dispute among authorities as to whether the taking of a blood sample is a search and seizure in the constitutional sense, and we have indicated it is, there is less dispute that, when properly taken at the time of and in conjunction with a legal arrest for intoxication, such a taking is reasonable. Breithaupt v. Abram, supra, 352 U. S. 432, 77 S. Ct. 408, 1 L. Ed.2d 448. Thus the vital question as to whether this search was incidental to the arrest must be answered in the affirmative.

■ We are satisfied the receipt of evidence of the result of an alcoholic blood test taken without force, when one is under lawful arrest for intoxication under such circumstances as ap-

pear herein, does not violate the due process clause of Amendment 14 to the Constitution of the United States or any provision of the Constitution of the State of Iowa. Breithaupt v. Abram, supra; United States v. Rabinowitz, 339 U. S. 56, 70 S. Ct. 430, 94 L. Ed. 653; Stoner v. California, 376 U. S. 483, 84 S. Ct. 889, 11 L. Ed.2d 856; United States v. Cangelose, 230 F. Supp. 544. This is especially true where there is a voluntary consent to the test. The rule is otherwise where the arrest was unlawful, or where the search was remote or long after the arrest on another charge, or perhaps where the search was of an unconscious or dead person. Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081, 84 A. L. R.2d 933; State v. Weltha, 228 Iowa 519, 522, 523, 292 N.W. 148.

The case of Preston v. United States, 376 U. S. 364, 367, 84 S. Ct. 881, 883, 11 L. Ed.2d 777, 780, is illustrative of this restriction. There the court said: "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest."

Since the search here was incident to the arrest, and was necessarily contemporaneous with it (unless the sample was promptly taken, time would destroy the evidentiary value of the test), and since the taking did not offend a sense of justice such as is found in Rochin v. People of California, 342 U. S. 165, 72 S. Ct. 205, 96 L. Ed. 183, 25 A. L. R.2d 1396, it is concluded appellant's constitutional protection from unreasonable search and seizure was not violated.

V. Appellant asserts in argument, without pointing to critical facts underlying any coercion issue, that the consent to take a specimen of blood from him was obtained through coercion and trickery, that the specimen was therefore obtained involuntarily and its use prohibited in the trial. He contends there was at least a fact question generated as to voluntariness which under Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed.2d 908, 916–924, required a separate determination by a separate jury, and that by submitting instruction No. 9 to the same jury which was considering his guilt or innocence, the court erred. We cannot agree.

Instruction No. 9 told the jury:

"Evidence has been introduced as to an analysis of blood that was taken from the defendant shortly after his arrest in this case. This analysis is not admissible unless this blood was obtained from the defendant voluntarily, and without any threat or coercion, and without any inducement or promise of immunity from prosecution. If you find that the defendant voluntarily permitted said blood to be analyzed, and that it was obtained without any threat or coercion, and without any inducement or promise of immunity from prosecution, then you will give this evidence respecting this analysis such weight as you think it is entitled to in determining the guilt or innocence of the defendant.

"In connection with the above, however, you are instructed that under the law of this state a peace officer shall advise any person who is requested to take any chemical test that a refusal to submit to such a test will result in revocation of the person's license or privilege to operate a motor vehicle, and that such instruction by a peace officer, if any you find, would not be a threat or inducement under the law."

As we read the record, the only evidence introduced as to coercion and trickery was the officer's advice to defendant that he could take the test or have his license or privilege to operate a motor vehicle on Iowa highways revoked. The court as a matter of law told the jury this was not to be considered a threat or inducement which would make a confession inadmissible. Whether the court acting independently found no evidence of involuntariness except that consent, or found it questionable, we do not know, but except for the officer's advice pursuant to the implied consent law we find no conflict of evidence which called for fact-finding. The submission as to voluntariness was, therefore, without prejudice to the accused. It was, if anything, favorable to him.

Instruction No. 9, on the other hand, appears to be proper on the issue of the weight to be given evidence pertaining to the blood test. As we read the Jackson v. Denno case, such an instruction is proper, even in a confession issue.

Jackson v. Denno, supra, considered testimonial confessions and, whether its rule will be extended to chemical evidence we do

not know. Authorities generally recognize a marked distinction between testimonial and nontestimonial evidence. While the Jackson case recognizes the logic that chemical evidence is more likely to be reliable than testimonial confessions, it also points out another basis for confessional exclusion, i.e., that because of the " 'strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will,' " (at page 386 of 378 U. S.) this evidence violates the due process clause of the Federal Constitution.

 We have made no pronouncements on this question in Iowa, but we have clearly stated that it is the duty of the trial court to receive preliminary evidence outside the presence of the jury, including cross-examination of State's witnesses and evidence on behalf of accused upon the competency of a confession, and to determine the question of its admissibility. State v. Jones, 253 Iowa 829, 834, 113 N.W.2d 303. This appears to satisfy the requirement of due process and the Jackson v. Denno case. Also see the full discussion on these questions in State v. Shephard, 255 Iowa 1218, 1223, 124 N.W.2d 712, and citations. Thus, even if we consider such chemical test evidence in the category of confessions, we would hold under the facts revealed by this record that the court's determination the consent was freely and voluntarily given, and that the court's determination the officer's advice as to the accused's choice under the implied consent law was not coercion, were proper. For a further discussion of this question, see Volume 50, Iowa Law Review, pages 909 to 917.

 We have not found it necessary here to resort to the Iowa Implied Consent Law for a voluntary consent to take the blood test. We do note that appellant contends, without serious logic or argument, that this law is unconstitutional. We do not agree. This law is almost identical to laws of a like nature upheld in other states and never seriously challenged in the United States Supreme Court. It is, however, interesting that the Supreme Court felt a presumption that consent to such a test following the exercise of a driver's privilege within a state hav-

ing such a law was proper. See Breithaupt v. Abram, supra, 352 U. S. at 435 (footnote).

In any event, after a careful study of the transcript filed in this case, we believe the evidence relating to the analysis of appellant's blood sample taken and the explanatory testimony of the analyst were admissible, and that their admission did not violate appellant's privilege against self-incrimination under either the Federal or State Constitution.

 VI. The fifth assignment is also immaterial, but, if it were not, there is no merit in the assignment. See McCauley v. Municipal Court of Des Moines, 254 Iowa 1345, 1346, 121 N.W.2d 96, and citations. There it was clearly stated that when a notice of appeal is given, the trial court loses jurisdiction and it is immediately lodged in the supreme court. Therefore, the trial court was correct in refusing to pass on appellant's motions filed after his appeal notice was given.—Reversed and remanded.

All JUSTICES concur.