STATE OF IOWA, appellee, v. MICHAEL JOHNSON, appellant.

No. 52001.

SEPTEMBER 20, 1966.

John A. Jarvis, of Chariton, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, Ray Fenton, Polk County Attorney, and Ken Potter, Deputy County Attorney, for appellee.

THORNTON, J.—This is the second appeal of this case. See State v. Johnson, 257 Iowa 1052, 135 N.W.2d 518.

The State's motion to dismiss this appeal has been ordered submitted with the case. Because of our duty to examine the record and render such judgment as the law demands without regard to technical errors or defects which do not affect the substantial rights of the parties, section 793.18, Code, 1962, we overrule such motion and consider the appeal on the clerk's transcript.

The basis for the State's motion, the truth of which is conceded by counsel for defendant in oral argument, is that the printed record presented as the record in this case is not based

on a transcript of the evidence and has not been settled by order of the trial court, rule 340(c), Rules of Civil Procedure, or certified or approved by the trial court, rule 340(h) and (j), Rules of Civil Procedure, but is based on the personal notes and memory of counsel for defendant. This leaves us with nothing upon which to base a decision of any matter that is based in any way on evidence or lack thereof in the case.

.This is not a proper case for the application of section 793.14, Code, 1962, providing an appeal shall not be dismissed for any informality or defect in taking it where the same is corrected in a reasonable time and directing us to direct how it shall be cured. The failure to present a record in this case is more than an informality or defect. It is a failure to proceed upon a printed record as provided in section 793.17, Code, 1962, and rules 16 and 18, Supreme Court Rules.

The only direction we could make of this case would be to direct defendant to obtain a transcript of the evidence from the reporter and present a proper record. We deem this un-necessary. An examination of what we do have before us, the clerk's transcript, and the reporter's transcript of the evidence in the first trial, together with the record defendant presents now, which we are assuming is correct for this purpose, discloses no reversible error.

I. Defendant in his first two divisions urges the blood tests taken were in violation of defendant's constitutional rights, he specifies due process, voluntary character, right to counsel and self-incrimination. These questions are all decided against defendant by The Supreme Court of the United States in Schmerber v. State of California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed.2d 908. See Gottschalk v. Sueppel, 258 Iowa 1173, 140 N.W.2d 866, and our opinion reversing the first trial of this case, 257 Iowa 1052, 135 N.W.2d 518. No further consideration of these matters is necessary.

II. Defendant in his first two divisions also contends his motion for a bill of particulars and to produce and inspect and his motion to suppress should have been granted and he was entitled to a pretrial hearing. On these questions the evidence in defendant's present record which we are assuming to be correct

is surprisingly similar to the evidence shown in the transcript of the evidence of the first trial and there is nothing appearing in either that would warrant the sustaining of these motions. As to the matters defendant wished to discover, as pointed out in our first opinion, he was aware of them, so no possible prejudice could appear in the second trial.

All he is entitled to under the "Implied Consent Law", section 40, chapter 114, Laws of the Sixtieth General Assembly, is that he may have an independent chemical test in addition to the one at the direction of the officer and upon his request he is entitled to the result of the test or tests taken at the direction of the officer. He is not entitled to the work sheets or the fluid sample used in the test taken at the direction of the officer. Defendant did thoroughly cross-examine as to these, in any event the failure on the part of the State's expert to have these available would go to the weight of his testimony not the admissibility.

III. Defendant also complains because the testimony taken before the grand jury was not made available to him. We do not believe counsel is serious. Section 772.3, Code, 1962, requires the minutes of the testimony to be filed with the clerk of court along with the indictment. Section 772.4, Code, 1962, in part states: "* * * The clerk of the court must, within two days after demand made, furnish the defendant or his counsel a copy thereof [minutes of testimony] without charge, or permit the defendant's counsel, or the clerk of such counsel, to take a copy."

There is no showing the clerk denied defendant the right embodied in the quoted section.

IV. Defendant contends it was error to overrule his challenges for cause to jurors who had served as jurors in cases wherein other defendants were convicted of operating a motor vehicle while intoxicated and the same experts as to blood tests were used by the State.

This is not the situation contemplated in section 779.5, subsection 8, Code, 1962, providing a juror is subject to a challenge for cause where he has served on a trial jury which has tried another defendant for the offense charged in the indictment.

State .v. McMahon, 211 N.W. 409, 410 (Iowa, 1926) ; and State v. Sheeley, 15 Iowa 404, 406. There is no showing of the state of mind of any of the jurors because of the same witnesses testifying to the blood tests. Such matters are within the sound judicial discretion of the trial court. State v. Rhodes, 227 Iowa 332, 343, 344, 288 N.W. 98 ; and State v. Wheelock, 218 Iowa 178, 181, 254 N.W. 313.

V. Defendant's last contention is it was error to allow a witness to testify on the second trial whose name had not been endorsed on the indictment. Notice of this witness's testimony had been given defendant pursuant to section 780.10, Code, 1962, prior to the first trial. The purpose of section 780.10 is of course to inform defendant of the witnesses against him and the substance of their testimony. No reason appears why one notice is not sufficient.

A complete review of this case as presented discloses sufficient evidence to sustain the conviction and does not disclose any reversible error.

The case must be and is—Affirmed.

All JUSTICES concur except RAWLINGS and BECKER, JJ., who concur specially.

RAWLINGS, J. (concurring specially)—Admittedly a strict constitutional question is not presented in considering the pretrial discovery rights of a defendant. Palermo v. United States, 360 U. S. 343, 79 S. Ct. 1217, 3 L. Ed.2d 1287, and Cicenia v. LaGay, 357 U. S. 504, 78 S. Ct. 1297, 2 L. Ed.2d 1523.

However courts should, in cases of this nature, strive for practices which will more effectively promote the quest for truth. Nonrevealment by the State should be the exception, not the rule. See section 781.10, Code, 1962; People v. Stokes, 24 Misc.2d 755, 204 N. Y. S.2d 827; Layman v. State, Okla. Cr., 355 P.2d 444; and State v. Murphy, 36 N. J. 172, 175 A.2d 622. See also 12 Stan. L. Rev. 293 ; 69 Yale L. J. 1149 ; 42 Neb. L. Rev. 127 ; 49 Cal. L. Rev. 56 ; 17 Vand. L. Rev. 293 ; 74 Harv. L. Rev. 940 ; and rule 7 (f), Federal Rules of Criminal Procedure. Also annotations 7 A. L. R.3d 8 and 181.

There is to me no apparent applicable law which precludes an accused from having the benefit of a pretrial inspection of work sheets, laboratory report and results of any chemical test of the blood, urine or breath given by or taken from him. I respectfully submit the trial court in this case might well have accorded defendant that privilege. State ex rel. Helm v. Superior Court of Cochise County, 90 Ariz. 133, 367 P.2d 6. And, under appropriate conditions and restrictions, an accused might also be entitled to the benefit of an independent fluid analysis, if available.

On the other hand the grant or denial of pretrial discovery in criminal cases has generally been held to rest in the sound discretion of the trial court and, absent a showing of abuse of discretion or prejudice to the accused by an adverse ruling, it is not for appellate courts to interfere. Cicenia v. LaGay, supra, and annotations, 7 A. L. R.3d 36.

Since the unorthodox record presented on this appeal fails to disclose abuse of discretion on the part of the trial court or prejudice to defendant in the denial of his pretrial inspection or discovery request, I respectfully concur in the result.

BECKER, J., joins in this special concurrence.