**STATE of Iowa, Appellee,**

v.

**Larry Lamon RANKIN, Appellant.**
**No. 53527.**

Supreme Court of Iowa.

Nov. 10, 1970.

Joseph L. Phelan, Fort Madison, and David B. Hendrickson, Keokuk, for appellant.

Richard Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Robert B. Dickey, County Atty., of Lee County, for appellee.

STUART, Justice.

A Lee County jury convicted defendant of the crime of incest in violation of section 704.1, Code of Iowa. He was sentenced to a term not to exceed 25 years in the state penitentiary at Fort Madison. He assigns four errors on appeal. We affirm.

I. In prosecutions for adultery, incest and statutory rape evidence of similar acts is admissible and may be considered as bearing upon the disposition and inclination of defendant to commit the act with which he is charged. State v. Beltz (1938), 225 Iowa 155, 159–161, 279 N.W. 386, 388–389; State v. Terry (1925), 199 Iowa 1221, 1228, 203 N.W. 232, 234; State v. Heft (1912), 155 Iowa 21, 36, 134 N.W. 950, 956; State v. King (1902), 117 Iowa 484, 489–491, 91 N.W. 768, 770; State v. Hurd (1897), 101 Iowa 391, 400, 70 N.W. 613, 616.

Defendant concedes evidence of similar acts was admissible in this case. However, he claims the trial court erred in not requiring the state to "elect and prove a specific incident or a date certain when the act was supposed to have occurred".

The testimony of the prosecutrix, defendant's eight year old adopted daughter, tended to prove defendant had carnal knowledge of her three or more times between June 17 and July 24, 1968. No attempt was made to prove a particular date on which any act took place. From her testimony, however, it would have been possible to specify one particular incident.

A thorough review of the record reveals defendant requested the state to elect "a date with reference to day and month and year when the act it alleges the defendant to have committed was committed". The trial court's ruling on the motion for new trial states that the basis urged by defendant was "the failure of the court to require the state to make an election or require the state to prove that the act was committed on a day certain".

Under Iowa law the state does not have to elect or prove a date certain in order to prove incest, statutory rape or adultery as the exact time of the act is not material. State v. Beltz, supra, 225 Iowa at 159, 279 N.W. at 388; State v. Speck (1926), 202 Iowa 732, 737, 210 N.W. 913, 915; State v. Sangster (1923), 196 Iowa 495, 496, 192 N.W. 155, 156; State v. Anderson (1908), 140 Iowa 445, 448, 118

N.W. 772, 774. Therefore the trial court did not err in failing to require the state to elect a date certain.

On appeal defendant claims error in failing to require the state to elect the *specific incident* upon which it relied for conviction. Nowhere in any of defendant's motions or objections is there even an intimation of such request. If defendant desired such election he should have asked for it. The trial court's ruling was based on the understanding that the request was for the election of a date certain. As the motion was not specific enough to alert the trial court to the argument defendant makes on appeal, we will not consider the court's failure to require the state to elect a particular incident as a ground for reversal. The court had no opportunity to pass on this question. As a general rule, we do not reverse for reasons not urged in the trial court. State v. Mayhew (Iowa, 1969), 170 N.W.2d 608, 611; State v. Davis (1968), 261 Iowa 1351, 1356, 157 N.W.2d 907, 910; State v. Estrella (1965), 257 Iowa 462, 467, 133 N.W.2d 97, 100; State v. Torrence (1964), 257 Iowa 182, 192–193, 131 N.W.2d 808, 814; State v. Post (1963), 255 Iowa 573, 578–579, 123 N.W.2d 11, 14; State v. Van (1942), 232 Iowa 34, 39, 2 N.W.2d 748, 750.

We therefore need not examine the questions as to whether the trial court abused its discretion in failing to require the state to elect a specific incident or whether error if committed was prejudicial under this record.

II. Even if the matter is not properly raised in the trial court, we look to the whole record to determine if under the record defendant failed to receive a fair trial and should be granted a new trial in the interest of justice. Section 793.18, Code of Iowa; State v. Post (1963), 255 Iowa 573, 578–579, 123 N.W.2d 11, 14; State v. Martin (1952), 243 Iowa 1323, 1334–1335, 55 N.W.2d 258, 260–261.

We do not believe the fact that the state was not required to specify the particular incident upon which it relied for conviction

deprived defendant of a fair trial. The reasons frequently given for requiring an election are (1) to enable defendant to prepare his defense, (2) to protect him by individualization of the issues in case a second prosecution is brought against him, and (3) to prevent one juror from convicting on one act and another juror from convicting him of another. State v. King (1902), 117 Iowa 484, 491–492, 91 N.W. 768.

(1) Defendant argues that the failure to require the state to elect made it impossible for him to prepare an adequate defense as he would not be able to account for all his time between June 17 and July 24, 1968. This argument loses much of its relevance because the motion to require an election was not made until after defendant had testified. He made no attempt to establish an alibi and his testimony disclosed the child had been with him at times and places which coincided with her testimony. He did not claim he did not have the opportunity to commit the act complained of but denied doing it. He attributed the little girl's story to her animosity toward him. The election of a particular incident would not aid defendant in establishing an alibi as the state is not required to elect or prove the particular day and time on which the act took place.

(2) The failure to require an election would not subject defendant to the possibility of double jeopardy. If the state is not required to elect, the defendant could not be tried a second time on the same charge for an act alleged to have been committed during the period of time covered by the first charge.

"Where the state is permitted to prove any and all similar offenses which have taken place within a designated period, without electing upon which offense it will rely, and can secure a conviction if the jury find that the defendant has committed any one of such offenses, an acquittal is a bar to a second prosecution for any specific offense committed within the designated period." State v. Healey (1917), 136 Minn. 264, 161 N.W. 590, 592.

Insofar as double jeopardy is concerned, it is to defendant's advantage, rather than his prejudice, if the state does not elect the specific act.

(3) Theoretically a jury might convict a defendant without agreeing on the same specific act if an election is not required. Under some factual situations this could have practical significance, but under the record here, the only incident about which there was sufficient detailing of the facts and circumstances so that it was possible to identify a specific act was the incident which occurred in the home on one of the beds when Sparky, prosecutrix's younger brother, was in the house and was either sent to his room or outside.

Proof of the other incidents was so indefinite as to time, place and details that it was little more than evidence that this act had occurred more than once. There was very little possibility the jury in the instant case would have divided over which specific act defendant was guilty of committing. Some liberality must be permitted in this area because of the age of the prosecutrix. A person should not be able to escape punishment for such a disgusting crime because he has chosen to take carnal knowledge of an infant too young to testify clearly as to the time and details of such shocking activity.

■ We conclude defendant was not deprived of a fair trial because the state did not elect a specific event on which to rely for conviction.

III. The trial judge conducted a preliminary examination of the prosecutrix in chambers out of the presence of the jury to determine her competency to testify. During the examination defendant offered a psychological examination of prosecutrix which was part of her school records as an exhibit. The trial judge decided she was competent and permitted her to testify over defendant's objection. The court sustained the objection to the report on the ground that it was hearsay and not the best evidence.

On appeal defendant complains because this preliminary examination was held out

of the presence of the jury and the jury did not have before it the court's examination of the witness. He does not contend plaintiff was incompetent to testify.

■ Defendant did not object to the court's procedure at any time in the trial. Under the authorities cited in division I, it cannot be raised for the first time on appeal.

■ We do not believe defendant was deprived of a fair trial by this proceeding. It is for the court to determine the competency of a young witness by a preliminary examination. State v. Hall (1939), 225 Iowa 1316, 1318, 283 N.W. 414; State v. Diggens (1939), 227 Iowa 632, 634, 288 N.W. 640, 641; State v. King (1902), 117 Iowa 484, 486-488, 91 N.W. 768, 769-770. It could be to defendant's advantage for the prosecutrix not to appear before the jury on the stand until her competency has been determined. Defendant cites no cases in which it has been held the preliminary questioning must be conducted before the jury. If defendant wished to test her credibility he could properly do so by cross-examination when she testified.

IV. Defendant served notice to take the deposition of the prosecutrix under section 781.10, Code of Iowa. At a hearing thereon he stated the purpose was to have a psychiatrist analyze her relative to her competency to testify. The trial court denied the application for the deposition indicating he would permit a psychiatrist to be present during the trial and listen to her testimony. It was pointed out that defendant's previous counsel had been given the opportunity to question prosecutrix in the county attorney's office.

■ In State v. District Court (Delaware County) (1962), 253 Iowa 903, 114 N.W.2d 317, we construed section 781.10 as giving defendant the right to take depositions of witnesses who would be unavailable at trial but not the right to take discovery depositions. This interpretation was confirmed in State v. Gates (1967), 260

Iowa 772, 778-779, 150 N.W.2d 617, 621. These cases are controlling here and the trial court did not err in refusing to permit defendant to take the deposition of the prosecutrix.

V. Defendant claims the trial court erred in failing to direct a verdict of not guilty on the ground that the state failed to prove penetration as required by State v. McCall (1954), 245 Iowa 991, 995, 63 N.W.2d 874, 876, and State v. Judd (1906), 132 Iowa 296, 301, 109 N.W. 892, 894. There is no merit in this contention.

The testimony of prosecutrix ("It hurt in my vagina. It hurt in my tummy a little.") is corroborated by a medical doctor who testified the opening of her vagina was abnormally stretched and dilated for a child of her age. The fact this evidence was contradicted by a doctor who testified for defendant does not require or permit the court to take the issue from the jury.

For the reasons stated above, the trial court is affirmed.

Affirmed.

MOORE, C. J., and LARSON, MASON, REES and UHLENHOPP, JJ., concur.

BECKER, RAWLINGS and LeGRAND, JJ., concur specially.

BECKER, Justice (concurring specially).

I concur in the result.

The deposition requested should have been allowed. But under the circumstances presented here I would not hold the refusal of this right to be prejudicial error. See general discussion in State v. Johnson, (1966) 259 Iowa 599, 604, 145 N.W.2d 8, 11, (concurring opinion) and in State v. Eads, (Iowa 1969) 166 N.W.2d 766.

RAWLINGS and LeGRAND, JJ., join in this special concurrence.