# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-2013
Filed January 7, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Chad Allen Axtell, Sr.,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Pottawattamie County,
The Honorable Jennifer Benson Barr, Judge.

———————————

**AFFIRMED**

———————————

Eric M. Hagen of Liberty Law Group, Omaha, Nebraska, attorney for
appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Chad Axtell, Sr. appeals jury verdicts finding him guilty of six counts of sexual abuse, one count of incest, and one count of indecent contact with a child. The guilty verdicts stem from his alleged abuse of S.A., one of his daughters, as well as friends of his daughters, A.C., A.H., and V.R. He challenges the sufficiency of the evidence arguing that there is "no proof indicating that the alleged victims experienced sexual abuse matching the type or frequency described in their respective testimony." Upon our review, we affirm and find substantial evidence supports Axtell's convictions.

## BACKGROUND FACTS AND PROCEEDINGS

Several young women testified at trial that each of them were subjected to sexual abuse by Axtell from 2008 to 2023. Among them was Axtell's daughter, S.A., who testified that Axtell frequently sexually abused her starting when she was six years old and continued until she turned eighteen. S.A. testified that the abuse began when Axtell came to her bedroom "and took [her] to his room and then laid [her] down on his bed and started doing intercourse, and [she] started crying, telling him that it hurt, and he told [her] that it would be over soon."

For the next several years, S.A. was spared the abuse as Axtell did not have custody of his children. But when S.A. was in sixth grade, Axtell regained custody of his children and the abuse started again when Axtell came into the bathroom after S.A. bathed and put his finger in her vagina. After that day, Axtell's abuse continued when he began to rub S.A.'s vagina and touch her breasts. S.A. testified that she would wake up to Axtell touching her. The abuse was near daily until shortly after S.A. turned eighteen.

At the same time, Axtell also began to abuse A.H. On one occasion Axtell put his hand on A.H.'s inner thigh and began to rub near her genitals. On another, Axtell's other daughter walked in on Axtell having intercourse with A.H. A.H. would have been approximately fourteen years old at this point. Years later, A.H. told one of Axtell's daughters, who reported the incident to the police. V.R. and A.C. additionally described their encounters with Axtell that led to them being groped and abused.

The State charged by trial information with Axtell with thirteen counts. Four of the thirteen were dismissed by the district court on motion for judgment of acquittal. Of the charges against Axtell that remained and were submitted to the jury were two counts of second-degree sexual abuse in violation of Iowa code sections 709.1(3) and 709.3(2) (2014), five counts of third-degree sexual abuse in violation of Iowa code sections 709.1(3) (2022)[1], incest in violation of Iowa code section 726.2 (2021), and indecent contact with a child in violation of 709.12(1)(a) (2021). The jury convicted Axtell of all counts except one count of second-degree sexual abuse. The district court imposed an eighty-two-year prison sentence with a seventeen and one-half year mandatory minimum. Axtell now appeals.

## SUFFICIENCY OF EVIDENCE

We review the sufficiency of the evidence for correction of errors at law. *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022). "In reviewing the sufficiency of the evidence, we are highly deferential to the jury's verdict. The jury's verdict binds this court if it is supported by substantial evidence." *Id.* Evidence is substantial if it can convince a rational fact finder of the

---

[1] Two counts of third-degree sexual abuse were alleged in violation of Iowa code section 709.4(1)(b)(2). Another two were alleged in violation of section 709.4(1)(b)(3)(a). The final count was alleged in violation of 709.4(1)(b)(3)(d).

defendant's guilt beyond a reasonable doubt. *Id.* at 516–17. To determine if the jury's verdict is supported by substantial evidence, "we view the evidence in the light most favorable to the State." *Id.* at 517. This includes reasonable inferences and presumptions deduced from the record. *Id.*

Axtell's sole contention on appeal is that the evidence supporting these convictions is insufficient because the victims' testimony was not credible. But credibility of this testimony was a question for the jury, and the jury rejected Axtell's argument on credibility. "It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury. It is also for the jury to decide which evidence to accept or reject." *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) (cleaned up). It is not our place to second-guess the victim's credibility on appeal once the jury has credited their testimony in their verdict. *State v. Donahue*, 957 N.W.2d 1, 11 (Iowa 2021) ("[A defendant]'s argument that [the victim]'s testimony is not credible enough to convince a rational fact finder of his guilt beyond a reasonable doubt is unavailing for sufficiency of the evidence purposes."); *State v. Hernandez*, 20 N.W.3d 502, 507–08 (Iowa Ct. App. 2025) ("A criminal defendant is not entitled to acquittal merely because he wishes the jury had believed him instead of the victim."). We reject Axtell's invitation to second guess his victim's credibility on abuse.

Axtell also argues "victims lack of reporting coupled with an inability to identify dates and locations suggests the abuse alleged is fictitious and without merit." A similar argument was recently addressed by our court's en banc opinion in *State v. Lang* where we discussed:

> Particularly with minor victims, "uncertainty or lack of detail from a child witness is no surprise." *State v. Wilde*, 987 N.W.2d 486, 495 (Iowa Ct. App. 2022). As our supreme court said fifty-five years ago: "A person should

> not be able to escape punishment for such a disgusting crime because he has chosen to take carnal knowledge of an infant too young to testify clearly as to the time and details of such shocking activity." *State v. Rankin*, 181 N.W.2d 169, 172 (Iowa 1970). And as we observed more recently: "We do not require victims of child sex abuse to recall every detail with perfect clarity, and in fact, they rarely do." [*State v. Hagenow*, No. 22-1958, 2024 WL 2042137, at *6 (Iowa Ct. App. May 8, 2024)].

*State v. Lang*, No. 24-0406, 2025 WL 3022653, at *6 (Iowa Ct. App. Oct. 29, 2025) (en banc). Accordingly, we reject Axtell's argument regarding the victims remembering specific dates and locations of their abuse.

On appeal, we are required to view the evidence in the light most favorable to the State and determine if substantial evidence supports the jury's verdict. *Mathis*, 971 N.W.2d at 516–17. Upon our review of the record in this case, we find each conviction is supported by substantial evidence. The victims' testimony provided support for each offense which the jury convicted Axtell of. Accordingly, we affirm all eight of Axtell's convictions for sexual abuse, incest, and indecent contact with a child.

## CONCLUSION

Because we find that Axtell's convictions were supported by substantial evidence, we affirm.

**AFFIRMED.**