# IN THE COURT OF APPEALS OF IOWA

No. 13-1661
Filed September 10, 2015

**JOE WILLIE CANNON,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

An applicant appeals a summary dismissal of his postconviction-relief application as time-barred. **AFFIRMED.**

William W. C. Glass, Keosauqua, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Stephanie Koltookian, Student Legal Intern, and Amy Beavers, County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Postconviction-relief "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2013). Joe Willie Cannon filed his fourth postconviction-relief application almost eighteen years after procedendo issued. The district court summarily dismissed the application as time-barred.

On appeal, Cannon concedes his claims "would normally be timed barred by Iowa Code Section 822.3," but argues they "must be viewed in the context of the history of [his] case noted in the State's motion for summary judgment."

The history of Cannon's case has scant bearing on the time-bar. The fourth application was untimely on its face and summary dismissal was appropriate unless Cannon raised "a ground of fact or law that could not have been raised within the applicable time period." *Id.* He did not.

Cannon challenges the sufficiency of the trial information and the minutes of testimony. These documents were at his disposal from the outset. *See generally Gonzalez v. State*, No. 11-0684, 2013 WL 263356, at *3 (Iowa Ct. App. Jan. 24, 2013) ("Gonzalez would have known at the time of the underlying criminal proceeding if the trial information was not sufficiently specific to apprise him of the crime charged in order to permit him to prepare a defense." (citing *State v. Griffin*, 386 N.W.2d 529, 531 (Iowa Ct. App. 1986))).

Cannon suggests his challenges implicated the subject matter jurisdiction of the district court, an issue that can be raised at any time. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002). Our appellate courts have rejected this

argument. See *State v. Taggart*, 430 N.W.2d 423, 426 (Iowa 1988); *see also Washington v. State*, No. 14-0923, 2015 WL 4158810, at *2-3 (Iowa Ct. App. July 9, 2015); *Armstrong v. State*, No. 13-1930, 2015 WL 3884170, at *3 (Iowa Ct. App. June 24, 2015); *State v. Robinson*, No. 12-1323, 2014 WL 251909, at *3 (Iowa Ct. App. Jan. 23, 2014), vacated on other grounds by *State v. Robinson*, 859 N.W.2d 464 (Iowa 2015); *Brown v. State*, No. 13-0244, 2014 WL 3511741, at *1 (Iowa Ct. App. July 16, 2014); *Frasier v. State*, No. 12-1957, 2014 WL 69671, at *3 (Iowa Ct. App. Jan. 9, 2014); *Neal v. State*, No. 12-1725, 2014 WL 69529, at *1 (Iowa Ct. App. Jan. 9, 2014).

Finally, Cannon suggests his prior attorneys were ineffective in failing to raise challenges to the trial information and minutes. Ineffective assistance is not "a claim that 'could not have been raised within the applicable time period' under section 822.3." *Whitsel v. State*, 525 N.W.2d 860, 864-65 (Iowa 1994).

We affirm the district court's summary dismissal of Cannon's fourth postconviction-relief application.

**AFFIRMED.**