**IN THE COURT OF APPEALS OF IOWA**

No. 16-2219
Filed August 2, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN WINCHESTER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Harrison County, James S. Heckerman (guilty plea) and Jeffrey L. Larson (sentencing), Judges.

Brian Winchester appeals his judgment and sentence for sexual abuse in the third degree, to which he pled guilty. **GUILTY PLEA AFFIRMED, JUDGMENT AND SENTENCE VACATED, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Brian Winchester appeals his conviction, judgment, and sentence for sexual abuse in the third degree, to which he pled guilty on September 19, 2016. On October 13, 2016, Winchester filed a motion in arrest of judgment, which the district court denied as untimely. Winchester appeals, claiming his counsel provided ineffective assistance because his plea was not knowing or voluntary and his counsel should have objected to certain victim-impact statements. Our review is de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

"Normally, ineffective-assistance-of-counsel claims are considered in postconviction relief proceedings." *State v. Vance*, 790 N.W.2d 775, 785 (Iowa 2010). When the record is sufficient to address an ineffective-assistance-of-counsel claim, we resolve the claim on direct appeal. *Id.*

Winchester claims his plea was not knowing and voluntary because of purported inconsistencies in the record. He also complains he was not informed he was pleading to a forcible felony for which a suspended sentence is not an option. There is no indication in the record he was informed he was pleading to a forcible felony. The transcript of the sentencing hearing leaves the impression the parties thought a suspended sentence was an option. A defendant is required to be informed of the maximum and minimum penalties of an offense. *See* Iowa R. Crim. Pro. 2.8(2)(b)(2). If he was not informed that the charge to which he pled guilty was not eligible for a suspended sentence, then the plea may not have been intelligently made. We cannot resolve this issue on the record before us, so we preserve it for possible postconviction relief. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

With regard to the plea proceeding itself, Winchester claims there were inconsistences as to which count of the trial information he was pleading, notes there are some inconsistencies as to which year the sexual abuse occurred,[1] and contends the court stated and he provided a factual basis for elements of a crime that are derived from more than one code section.

During the guilty plea, the court stated Winchester was pleading guilty to count II of the trial information. Winchester in fact pled guilty "to the charge of sexual abuse in the third degree," consistent with count II of the trial information, which provides Winchester is accused of "sexual abuse in the [thi]rd degree in violation of Iowa Code [s]ection 709.4(2)(b)[ (2011)], a class C [f]elony." Winchester's written guilty plea stated: "I hereby plead guilty to the charge of sexual abuse in the third degree in violation of the Code of Iowa [s]ections 709.1 [and] 709.4(2)(b)." Similarly, the order entered following the guilty plea states Winchester pled guilty to "Count II: Sexual Abuse in the [Third] Degree in violation of Iowa Code [s]ection[s] 709.1 and 709.4(2)(b)." There are no identified inconsistencies with regard to the applicable code section at the plea proceeding itself. Thus, Winchester has failed to show his trial counsel breached an essential duty. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (noting a claimant must show "trial counsel failed to perform an essential duty" that "resulted in prejudice").

The only factual inconsistency with regard to the guilty plea is that—when providing the factual basis at the hearing and in his written guilty plea—

---

[1] Winchester was charged in multiple counts with committing sexual abuse from 2010 through 2014.

Winchester admitted the offense occurred in 2012, while the trial information for count II states the offense occurred in 2011. But the time at which the crime was committed is not an essential element of the crime. *See State v. Griffin*, 386 N.W.2d 529, 532 (Iowa Ct. App. 1986) (finding, where the relevant statute does not make a particular time period a material element of the offense, "the exact time of the act is not material"); *see also* Iowa Code § 709.4 (defining sexual abuse in the third degree as performing a sex act "under any of the following circumstances," all relating to age, mental capacity, or family relationship but none relating to a date or time); *State v. Schneider*, No. 14-1113, 2015 WL 2394127, at *8 (Iowa Ct. App. May 20, 2015) (discussing cases addressing the time-frame issue). Winchester does not dispute that an offense committed in 2012—as opposed to 2011—would also otherwise satisfy the elements of section 709.4(2)(b).[2] Nor has he claimed he would not have pled guilty had his counsel identified this error at the plea hearing; accordingly, Winchester has also failed to prove prejudice. *See State v. Utter*, 803 N.W.2d 647, 654 (Iowa 2011) ("[T]o prove prejudice, [the applicant] must establish that 'but for counsel's breach of duty, [he] would not have pled guilty and would have elected instead to stand trial.'" (citation omitted)).

Regarding Winchester's element claim, the district court informed him at the plea hearing that the applicable charge required the State to prove he "performed a sex act" on a victim that "was [twelve] or [thirteen] years old" while he was "four or more years older than her" and he and the victim were not

---

[2] Winchester was charged with the same offense occurring in both 2011 (in count II) and 2012 (in count III).

cohabitating as husband and wife, which Winchester claims blurs the requirements of section 709.4(2)(b) and section 709.4(2)(c)(4). Section 709.4 provides, in relevant part:

> A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
> . . . .
> 2. The act is between persons who are not at the time cohabitating as husband and wife and if any of the following are true:
> . . . .
> b. The other person is twelve or thirteen years of age.

While the district court improperly recited the State would have to prove Winchester was four or more years older than the victim,[3] the district court did properly state those elements that were required. Winchester does not claim any necessary element was omitted. Counsel's failure to object to the district court's accidental inclusion of an extra element—one that was clearly satisfied by the facts of the case but that was not required for commission of the crime that was charged—does not rise to the level of a breach of duty. Moreover, Winchester has demonstrated no prejudice. *See Dempsey*, 860 N.W.2d at 868 (providing "[r]eversal is warranted only where claimant makes a showing of both elements").

In arguing his plea was not knowing or voluntary, Winchester also notes inconsistencies that occurred during his sentencing. At his sentencing hearing on December 19, 2016, the district court stated Winchester was sentenced for the crime of sexual abuse in the third degree, a class "C" felony, in violation of section 709.1(b)(3).[4] While no such code section was then in existence, it is apparent from the record the district court made a simple error and was intending

---

[3] This element appears in section 709.4(2)(c)(4).

[4] Section 709.1 of the 2011 Iowa Code defines sexual abuse.

to refer to section 709.4(1)(b)(3), as this was the code section cited in the sentencing order. Winchester was charged with violating Iowa Code section 709.4(1)(b)(3) (2013) in the fourth and fifth counts of the trial information. However, this was not the count or code section to which Winchester pled, and this code section was not yet enacted in 2011. Following sentencing, on December 21, 2016, the district court entered a nunc pro tunc order dismissing counts II through V, despite Winchester having pled guilty to the second count.

On appeal, the State argues the record demonstrates Winchester entered a guilty plea to a reduced charge of count I, citing in support the district court's *sentencing* order. But, the State concedes it did not seek to orally amend the trial information, instead relying on an "inference" that the State *must have* sought such an amendment. However, upon this record, at the time of the plea, count I of the trial information charged Winchester under section 709.3(1)(b), a class "B" felony, to which Winchester did not plead. That count charged him with committing sexual abuse upon a child under the age of twelve in 2010, a crime to which Winchester did not admit guilt. There is simply no basis upon which to make such an "inference."

Ultimately, Winchester's sentencing contains errors. Notably, Winchester has not alleged that these errors gave rise to an illegal sentence. Instead, Winchester contends these errors made his plea not knowing and voluntary, but these errors do not impact the knowing nature or voluntariness of his plea. And, again, Winchester has failed to argue that—without these errors—he would not have plead guilty. In fact, Winchester has wholly failed to argue how prejudice resulted.

The record does, however, clearly show the defendant pled guilty to count II. Further, at the time of sentencing and in the sentencing order, the court sentenced Winchester for the crime of sexual abuse in the third degree. Although the reasons for the confusion in entry of judgment are not clear in our record, it is clear to us the court was sentencing Winchester for the crime of sexual abuse in the third degree, based on his plea of guilty. He pled guilty to count II. The errors made by the court were either scrivener's errors or spoken errors in the nature of scrivener's errors. That is, there does not appear to be an error in the legal reasoning or ultimate determinations: Winchester pled guilty to sexual abuse in the third degree, had a sentencing hearing at which all present understood he was being sentenced for sexual abuse in the third degree, and the sentence entered was a legal sentence for sexual abuse in the third degree. Thus, we vacate the judgment and sentence and remand with instruction for entry of a corrected order of judgment and sentence to show entry of judgment to count II for a violation of Iowa Code section 709.4(2)(b) (2011), and to document the sentence as ordered in open court. *See State v. Putnam*, No. 15-1222, 2016 WL 3309062, at *6-7 (Iowa Ct. App. June 15, 2016); *State v. Pearson*, No. 13-1311, 2013 WL 5291941, at *2-3 (Iowa Ct. App. Sept. 18, 2013).

Winchester next argues his trial counsel should have challenged the victim impact statements filed by the State that came from individuals who did not qualify as "victims" under the Iowa Code. *See* Iowa Code § 915.10(3). While the record reflects letters were submitted from ineligible persons—such as the victim's mother's coworker—there is no indication the court considered or relied upon these letters. At sentencing, only the victim and her mother read

statements, and the court made no mention of the other letters.[5]  Accordingly, Winchester has not shown "a reasonable probability that, but for the [alleged] unprofessional errors, the result of the proceeding would have been different." *Dempsey*, 860 N.W.2d at 868 (citation omitted).  We, therefore, conclude Winchester has not shown prejudice.

We affirm the court's acceptance of the guilty plea, vacate the judgment and sentence, and remand for entry of a corrected order of judgment and sentence as set forth above.[6]  We preserve for possible postconviction relief Winchester's challenge to the guilty plea for failure to inform him the sentence could not be suspended.  We deny all other claims of ineffective assistance of counsel.

**GUILTY PLEA AFFIRMED, JUDGMENT AND SENTENCE VACATED, AND REMANDED.**

---

[5] We note the preferred practice is to disavow any reliance on information submitted at sentencing that should not be considered by the sentencing court.

[6] This is not a remand for resentencing, only entry of a corrected order.