# IN THE COURT OF APPEALS OF IOWA

No. 22-0208
Filed January 11, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROGELIO LUIS MORALES MORALES,**
    Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Sioux County, Steven J. Andreasen,

Judge.


        A defendant challenges the sufficiency of the evidence for his sexual abuse

conviction. **AFFIRMED.**


        Priscilla E. Forsyth, Sioux City, for appellant.

        Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., Tabor, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**TABOR, Judge.**

A jury convicted Rogelio Luis Morales Morales[1] of sexual abuse in the second degree under this marshalling instruction:

> 1. At a time between September 2, 2013, and December 19, 2014, in Sioux County, Iowa, Defendant [Morales] performed a sex act with Jane Doe.[2]
> 2. At the time of the sex act, Jane Doe was under the age of 12 years.

In challenging his conviction, Morales contends the State offered inadequate proof that he sexually abused Doe in the "discrete time frame" alleged. The State counters that the date range was not a material element of the prosecution. Material element or not, the State offered substantial evidence that Morales committed this offense between September 2013 and December 2014. Thus, we affirm his conviction.

## I. Facts and Prior Proceedings

Jane Doe attended kindergarten between fall 2013 and spring 2014. During that school year, Morales—then twenty-one years old—lived with her family. Doe recalled that Morales came into their family bedroom when her mother and father were not there. Finding Doe alone, Morales forced the seven-year-old to take off her clothes and sexually assaulted her. Doe remembered the abuse happening three times. The third time she recalled scratching Morales on the chest and

---

[1] We recognize that in Spanish naming convention, often the father's family name is a person's first surname and the mother's family name is the second surname. *See Martinez v. Commonwealth*, No. 2021-CA-1062-MR, 2022 WL 4112398, at *1 n.1 (Ky. Ct. App. Sept. 9, 2022). In the appellant's brief, counsel refers to her client as Morales Morales. But in his written arraignment, the defendant signed his name as Rogelio Morales. We will use that single surname in the interest of brevity and consistency.

[2] Like the district court, we will refer to the child as Jane Doe.

running into the bathroom. Through the bathroom door, Morales threatened to harm her family if she told anyone what he did. So she kept quiet. When her mother came home and found her crying, Doe said Morales had scolded her.[3] Morales moved out in June 2014.

Doe disclosed the abuse in September 2018. That's when she and her mother were watching the news and heard a report about another girl who was the victim of sexual abuse. Doe turned to her mother and said: "[B]asically the same thing happened to me." Asked to explain her delayed report, Doe testified "since I knew he wasn't living with us anymore, I had decided to finally tell my mom."

After investigating Doe's allegations, the State charged Morales with three counts of sexual abuse in the second degree. *See* Iowa Code §§ 709.1, 709.3(2) (2021). A jury returned a guilty verdict on one offense and not guilty verdicts on the other two counts. Morales appeals his conviction, contending the State failed to offer substantial evidence that the abuse occurred between the dates in the marshalling instruction.

## II.     Scope and Standard of Review

We review substantial-evidence challenges for correction of legal error. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). We view the record in the light most favorable to the State, accepting all legitimate inferences that we may reasonably draw from the evidence. *State v. Limbrecht*, 600 N.W.2d 316, 317 (Iowa 1999). That record must show that the prosecution produced substantial evidence for each essential element of the crime. *Id.* Evidence is substantial if it

---

[3] Doe's younger brother also testified that he recalled a night when his sister was crying loudly and Morales came out of the bedroom.

could convince a rational jury of the defendant's guilt beyond a reasonable doubt. *Crawford*, 974 N.W.2d at 516. We are bound by the jury's verdict unless the record lacks substantial evidence to support the elements of the offense. *State v. Laffey*, 600 N.W.2d 57, 60 (Iowa 1999).

### III. Analysis

The State's burden is to prove what it says happened. *In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). But "Iowa Code section 709.3 defines second-degree sexual abuse and does not make a particular time period a material element of the offense." *State v. Griffin*, 386 N.W.2d 529, 532 (Iowa Ct. App. 1986). And our cases also hold that the State does not have to elect or prove a date certain when prosecuting child sexual abuse "since the exact time of the act is not material." *See id.* (citing *State v. Rankin,* 181 N.W.2d 169, 171 (Iowa 1970)).

So what happens when the State elects to prove the abuse happened within a certain time range? In *State v. Parmenter,* our court decided that when the marshalling instruction required proof that sexual assaults occurred "during two discrete ranges of days" without using the approximating phrase "on or about" and the State did not object, the instruction became the law of the case. No. 18-1997, 2019 WL 6907457, at *5–6 (Iowa Ct. App. Dec. 18, 2019). Expanding on *Parmenter*, in *State v. Coon*, our court suggested that even when the marshalling instruction includes the phrase "on or about" the State may need to prove the date range in a second-degree sexual abuse case. No. 21-0768, 2022 WL 946985, at *1 (Iowa Ct. App. Mar. 30, 2022).

Morales relies on *Parmenter* and *Coon* to argue that the State fell short in proving when the abuse happened. He contends that because the State did not ask to add "on or about" to the jury instruction, it had the burden of proving the abuse occurred during the "discrete time frame" alleged. The State disagrees, insisting both *Parmenter* and *Coon* were wrongly decided. Those cases, according to the State, conflict with *Musacchio v. United States*, 577 U.S. 237, 243 (2016). That case holds "when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction." *Id.*

But as we did in *Coon*, we decline to resolve the contentious question of whether the date range is an element of the offense. We agree with the State's alternative assertion that there was "ample evidence" of Morales sexually abusing Doe within the specified period.

True, by the time Doe testified at the October 2021 trial, she could not remember if the abuse happened when she was in kindergarten or first grade. But she confirmed that it "possibly" happened during the fall of her kindergarten year. Any inconsistencies and lack of detail in Doe's testimony were to be expected and "do not compel a jury to conclude that [she] is not credible or that there is insufficient evidence to support a guilty verdict." *See State v. Donahue*, 957 N.W.2d 1, 11 (Iowa 2021).

Further, Doe's mother testified that Morales lived with their family in 2013 and 2014—the timeframe alleged in the marshalling instruction. And both Morales and his brother testified that Morales moved out of Doe's home in June 2014. This

record was sufficient for the jury to find beyond a reasonable doubt that Morales sexually abused Doe between September 2013 and December 2014. We decline to disturb the jury's verdict.

**AFFIRMED.**