# IN THE COURT OF APPEALS OF IOWA

No. 22-1593
Filed April 10, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TOMMY GENE COLLINS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Christopher C. Polking, Judge.

Tommy Gene Collins appeals his criminal convictions. **AFFIRMED.**

Katherine N. Flickinger of Hastings & Gartin Law Group, LLC, Ames, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

Based on claims of sexual contact with children, the State charged Tommy Collins with one count of continuous sexual abuse of a child, two counts of sexual abuse in the second degree, two counts of sexual abuse in the third degree, one count of lascivious acts with a child, and one count of indecent contact with a child. Following a trial, the jury found Collins guilty of all charges except the charges of lascivious acts with a child and indecent contact with a child.

Collins appeals. He raises two issues. First, he contends the district court erred by refusing to admit his testimony that he offered to speak with law enforcement officers during their investigation of the charges. Second, he contends his state and federal due process rights were violated when the district court did not require the State to specify which actions formed the basis for each count with which he was charged. We address each issue in turn.

I. **Exclusion of Evidence**

The first issue stems from the details of law enforcement's investigation of the charges. After Collins was interviewed once, but before charges were filed, a detective sought to interview Collins a second time. Collins agreed, but only if the interview was not recorded and could take place in the courthouse law library with his attorney present. Upon hearing those conditions, the detective declined to conduct the second interview. At trial, Collins sought to introduce evidence that he had agreed to be interviewed again, but the detective decided not to conduct the second interview. The State objected. Collins asserted the evidence was probative of his innocent state of mind and the "shoddy" police investigation.

The district court excluded the evidence. It expressed concerns that such evidence opened the door to responsive evidence and arguments by the prosecution as to why the detective declined to conduct the second interview and such responsive evidence and argument would inevitably and inappropriately comment on Collins's exercise of his rights and would lead to confusion. Collins challenges this evidentiary ruling.

We review evidentiary rulings for abuse of discretion. *State v. Thoren*, 970 N.W.2d 611, 620 (Iowa 2022). A court's ruling is an abuse of discretion if it is based on reasons that are clearly unreasonable or clearly untenable. *Id.* We give evidentiary decisions wide latitude "so long as the district court did not ignore the established rules of evidence." *State v. Thompson*, 954 N.W.2d 402, 406 (Iowa 2021).

As a general rule, "[t]he State cannot comment on a defendant's invocation of constitutional rights." *State v. Craney*, 347 N.W.2d 668, 679 (Iowa 1984). Of course, Collins presents us with the unusual situation in which a defendant wanted to introduce evidence inviting the State to comment on his right to counsel. Collins argues the evidence should have been admitted because it was relevant. But relevant evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Iowa R. Evid. 5.403.

We agree with the district court that such evidence would have opened the door to questions from the prosecution that would comment on Collins's right to counsel.

> "[O]pening the door" . . . pertains to the ability of a party to rebut inadmissible evidence offered by an adversary and provides that "one who induces a trial court to let down the bars to a field of inquiry

that is not competent or relevant to the issues cannot complain if his adversary is also allowed to avail himself of the opening."

*State v. Parker*, 747 N.W.2d 196, 206 (Iowa 2008) (quoting *State v. Mitchell*, 670 N.W.2d 416, 420 (Iowa 2003)). "[I]t is not applicable until one party injects an incompetent, irrelevant, or inadmissible matter into trial." *Id.* Even then, the door is opened only insofar as necessary for the instigating evidence to be rebutted. *See id.* at 207–08.

Collins sought to introduce evidence that would normally be inadmissible because it implicated his right to have an attorney present. If Collins had been permitted to introduce such evidence, it would have opened the door for rebuttal by the prosecution. While Collins desired to introduce the evidence to show the jury he was cooperative and forthcoming and the investigation was incomplete, the State would have been entitled to respond by presenting evidence explaining why the detective did not wish to speak to Collins with his attorney present, even if such questions would ordinarily be prohibited. *See id.*

We find no abuse of discretion in the decision to prevent the defense from introducing evidence about Collins's agreement to be interviewed. The evidence was marginally relevant, and the State would have been entitled to counter with responsive evidence and argument that would have risked significant prejudice. Neither party contests that the State cannot use a defendant's choice to utilize counsel to suggest guilt because it leads the jury into an unfair inference. *State v. Nelson*, 234 N.W.2d 368, 373 (Iowa 1975) ("[T]he court should not penalize [the defendant] by allowing the State to show the presence of the lawyers when such evidence could have no purpose other than to raise an inference of guilt in the

jurors' minds."). But that is the corner into which the State would have been painted had Collins been permitted to introduce the challenged evidence. The detective testified during the offer of proof on this topic that he finds it hard to get at the truth in interviews with attorneys present and agreed that it's a suspect's "way of testifying" without actually getting on the stand. Given this expected response to the evidence Collins sought to introduce, the court did not abuse its discretion in concluding that Collins's proposed evidence and the State's proposed response would have confused the issues and the prejudice caused by the competing evidence would substantially outweigh any probative value.

## II.     Specificity of Charges

As for Collins's complaint that the district court erred by not requiring the State to specify which actions formed the basis for each count with which he was charged, we find no procedural issue available for our review. About a week before trial, Collins filed a motion in limine based on Iowa Rule of Evidence 5.404(b) seeking to exclude evidence about any alleged sex abuse for which Collins was not charged. At the hearing on the motion, Collins added to his rule 5.404(b) objection requesting the State elect what specific acts it was trying to prove for each charge. The State responded by contending that the proper procedural tool for raising this issue was a motion for a bill of particulars—a motion Collins never filed—and the time available for filing such a motion had long passed. *See* Iowa R. Crim. P. 2.11(5) ("When an indictment or information charges an offense in accordance with this rule, but fails to specify the particulars of the offense sufficiently to fairly enable the defendant to prepare a defense, the court may, on written motion of the defendant, require the prosecuting attorney to furnish the

defendant with a bill of particulars containing such particulars as may be necessary for the preparation of the defense.").  The court declined to require any additional specifics from the State.

At the district court, Collins raised this issue as an evidentiary objection.  But in substance, he was objecting to the lack of specifics in the trial information, not raising an evidentiary objection.  *See Twyford v. Weber*, 220 N.W.2d 919, 922–23 (Iowa 1974) (explaining that motions in limine function to point out "certain evidentiary rulings the court may be called upon to make during the course of trial" before trial takes place).  Collins has abandoned his rule 5.404(b) objection on appeal.  Instead, he frames his challenge as a due process claim, asserting that he was denied a fair trial because the State did not provide adequate notice of the details of the charges against him.  But this is a challenge to the contents of the trial information, which must be raised by filing a motion for bill of particulars.  *See* Iowa R. Crim. P. 2.11(5).  Collins filed no such motion.  *See State v. Rankin*, 181 N.W.2d 169, 171–72 (Iowa 1970) (choosing not to examine whether the court should have required the state to elect a specific incident when "[n]owhere in any of defendant's motions or objections is there even an intimation of such request" until after the defendant had testified).  And even if we considered the discussion of the issue at the hearing on the motion in limine to practically function as a motion challenging the trial information, it was made about six months after Collins was arraigned, which was too late.  *See* Iowa R. Crim. P. 2.11(5) ("A motion for a bill of particulars may be made any time prior to or within ten days after arraignment . . . .").  By failing to file a timely motion for bill of particulars or other

challenge to the trial information, he has not preserved error on this challenge from a procedural standpoint.

As to Collins's overarching claim that he was denied a fair trial based on the failure to provide specifics, evidence need not be exact as to how many sex acts occurred and precisely when, and the State may present "all available evidence of sexual abuse during a specified period of time" without charging for every single act described. *See State v. Bowers*, 661 N.W.2d 536, 543 (Iowa 2003). The trial information charged Collins with either one or two counts for each alleged victim, with each count for each alleged victim specifying the alleged victim's name, the date range during which the alleged crime occurred, and the Code sections alleged to be violated. The minutes of testimony describe the sexual contact alleged—for example that Collins rubbed his penis on one of the victim's genitals, touched her vagina, and inserted his penis in her vagina. We consider the minutes of testimony alongside the trial information. *State v. Dalton*, 674 N.W.2d 111, 120 (Iowa 2004). The minutes explain when the alleged abuse started and describe specific incidents. Taken together, the minutes and trial information are sufficient to have put Collins on notice of the allegations against him. *See State v. Bowers*, 656 N.W.2d 349, 354 (Iowa 2002) (finding enough specificity when minutes state defendant performed intercourse and oral sex on the victim, and defendant was informed of the name of the crime, the Code sections defining the offense, the name of the victims, and the location where the acts were alleged to have occurred); *State v. Griffin*, 386 N.W.2d 529, 531–32, 533 (Iowa 1986) (finding enough specificity where trial information named the crime, the Code section, the victim, and provided a date range, and the minutes of testimony described the

specific acts, when the abuse began, and provided a specific event).  Collins was not denied a fair trial, so his due process rights were not violated.

## III.    Conclusion

The district court did not abuse its discretion in excluding evidence that Collins offered to be interviewed by law enforcement.  Collins failed to preserve error on his challenge to the specificity of the charges in the trial information, and Collins was not deprived of a fair trial by any alleged imprecision in the charges.  Accordingly, we affirm.

**AFFIRMED.**