**IN THE COURT OF APPEALS OF IOWA**

No. 23-0865
Filed May 22, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DALLAS DEAN HOFFMAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, John R. Flynn,

Judge.

Dallas Hoffman appeals his convictions after a jury found him guilty of four

counts of second-degree sexual abuse. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Dallas Hoffman appeals his convictions after a jury found him guilty of four counts of second-degree sexual abuse. He challenges the sufficiency of the evidence supporting his convictions. Because substantial evidence supports the jury's verdicts, we affirm Hoffman's convictions.

We review claims of insufficient evidence for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). We affirm if substantial evidence supports the jury's verdicts. *Id.* Evidence is substantial if it would "convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). When determining whether substantial evidence supports the verdicts, we view the evidence and all legitimate inferences and presumptions it supports in the light most favorable to the State. *Id.*

The State charged Hoffman with four counts of second-degree sexual abuse, a class "B" felony. It alleged that Hoffman performed sex acts on a child younger than fourteen years old between January 1, 2022, and July 22, 2022, when Hoffman was over thirty years old. The trial information described four different sex acts. Count I alleged contact between Hoffman's genitalia and the child's mouth. Count II alleged contact between Hoffman's genitalia and the child's genitalia. Count III alleged contact between the child's finger, hand, or other body part and Hoffman's genitalia. Finally, Count IV alleged that Hoffman ejaculated on the child.

Hoffman contends there is insufficient evidence showing he engaged in any of the sex acts described in the trial information. He argues that there is "no specific and articulable evidence as to each separate and distinct act presented by

the State." Hoffman also claims that "the evidence was insufficient as to specific timeframes when the acts allegedly occurred."

The evidence shows that Hoffman shared a home with the child and her father in July 2022. Late that month, the child disclosed to a friend that Hoffman had sexually abused her. Hoffman denied the allegations in recorded phone calls with the child's father and stated there was no reason his DNA would be in the child's bedding. During a recorded interview with police, Hoffman again denied the allegations but claimed his DNA could be in the child's bedding if his hair was transferred by their pet dogs. A DNA test identifying Hoffman's sperm in seminal fluid on the child's bedding was admitted into evidence at trial, along with the recorded phone calls and police interview.

The child was ten years old when she testified at trial and described how Hoffman sexually abused her when they shared a home. She told the jury that Hoffman touched her vagina and touched his penis to her chest and hand. The child also testified that Hoffman tried to put his penis in her mouth. Although he did not succeed, the child testified that there was contact between Hoffman's penis and her mouth. Finally, the child described that Hoffman ejaculated on her chest and clothes.[1]

An inmate in Hoffman's jail unit also testified at trial, recounting a conversation he had with Hoffman. The inmate alleged that Hoffman said "he used to rub the little girl on himself and touch her and they would touch each other." The

---

[1] Iowa Code section 702.17(4) defines "[e]jaculation onto the person of another" as a "sex act" or "sexual activity." Among the definitions provided in section 702.17, paragraph (4) is the only one that does not require direct contact between bodies or substitutes.

inmate also testified that Hoffman admitted "he ejaculated on her a couple of times by rubbing her."

Hoffman testified in his own defense, denying the abuse allegations. To explain the presence of his sperm on the child's bedding, Hoffman claimed that he had sex with a woman on a couch where the child left her blanket. This explanation was not offered during the recorded phone calls or police interview.

There is sufficient evidence to convince a rational juror that Hoffman is guilty beyond a reasonable doubt of committing each count of sexual abuse. The child did not provide specific dates on which each sex act took place, but the State is not required to prove specific dates. *See State v. Griffin*, 386 N.W.2d 529, 532–33 (Iowa Ct. App. 1986) (holding that neither the statute nor our case law require proof of a particular date to support a second-degree-sexual-abuse conviction). The child's description of where she lived when the incidents occurred limits the timeframe of the abuse to the period alleged in the trial information. The child described how Hoffman committed the sex acts described in each of the four counts. Although Hoffman criticizes the child's statements as uncorroborated, no corroboration is required. *See* Iowa R. Crim. P. 2.21(3) ("Corroboration of the testimony of victims shall not be required."). Still, the test result showing the presence of Hoffman's sperm on the child's bedding supports her testimony. While Hoffman provided an alternative explanation for how it got there, it is the job of the jury to decide witness credibility, weigh the evidence, and resolve any factual disputes. *State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022). It is the job of the

appellate court to view the evidence in the light most favorable to the State.[2]  *See id.* ("In considering a challenge to the sufficiency of the evidence, '[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury.'" (citation omitted)).

Because substantial evidence supports the jury's verdicts, we affirm.

**AFFIRMED.**

---

[2] Hoffman argues that we give limited deference to the jury's findings when based only on victim testimony that is "inconsistent, self-contradictory, [and] lacking in experiential detail."  *State v. Smith*, 508 N.W.2d 101, 103 (Iowa Ct. App. 1993).  In recent decisions, this court recognized the supreme court and panels of this court have criticized *Smith* and that it is an outlier case we have never followed to reverse a conviction.  *See State v. Hagenow*, No. 22-1958, 2024 WL 2042137, at *5 (Iowa Ct. App. May 8, 2024); *State v. Showers*, No. 23-0390, 2024 WL _____, at ___ (Iowa Ct. App. May 22, 2024).  In any event, the child's testimony here is more detailed than the children's testimony in *Smith*, and *Smith* does not control.